## LOUISVILLE & NASHVILLE RAILROAD COMPANY *v.* UNITED STATES.

### APPEAL FROM THE COURT OF CLAIMS.

No. 61.   Argued January 6, 1927.—Decided February 21, 1927.

1. A land-grant-aided railroad under a duty to carry government troops at not to exceed fifty per cent. of the compensation charged private parties for like transportation must allow the government the benefit of this reduction from reduced party rates which are offered the public. P. 323.
2. Where the railroad has accepted the usual transportation request in issuing tickets for government transportation, it cannot avoid the land-grant reduction from a reduced rate offered the public upon the ground that by the tariff the rate was allowable only for cash paid in advance. P. 323.

59 Ct. Cls. 886, affirmed

42847°—27——21

APPEAL from a judgment of the Court of Claims reject-
ing a claim of the Railroad on account of transportation
of men of the army and navy.

*Mr. Benjamin Carter* for the appellant.

*Assistant Attorney General Galloway,* with whom *So-
licitor General Mitchell* was on the brief, for the United
States.

·MR. JUSTICE SUTHERLAND delivered the opinion of the
Court.

Appellant owns and operates a system of railroads
among which are two land-grant aided lines. During the
period from 1911 to 1917 there were transported for the
Government over these lines upon transportation requests
large numbers of officers and enlisted men of the United
States army and navy. Individual passenger rates to
the public during that time were in force, and in addi-
tion certain party rates open to the public by which ten
or more passengers were entitled to reduced rates. Some
of the rate tariffs provided for cash payments when tickets
were issued and that there should be no land-grant
deductions made from such party rates. In other tariffs
no such provisions were made. As initial carrier, appel-
lant presented its bills on proper forms to the disbursing
officers of the Government. In some of the bills indi-
vidual rates with land-grant deductions were charged
where ten or more persons had been transported in troop
movement; and in others party rates without land-grant
deductions were charged, depending upon which was the
lower rate. The accounting officers of the Government
in all these cases applied party rates with land-grant
deductions. To these rulings appellant filed protests,
and this suit to recover the amounts involved followed.

The court below denied appellant's right of recovery. 59 C. Cls. 886.

Appellant's contentions are (1) that the Government in transporting troops has no right to avail itself of party rates but that these are restricted to passengers traveling on private account and (2) that if the Government avail itself of the party rates it must pay cash in advance in accordance with the tariff provisions.

It is not disputed that in virtue of valid acts of Congress (for example, see c. 115, 36 Stat. 243, 256) appellant's land-grant aided lines were bound to carry officers and men of the army and navy at a rate, in the words of the law, "not to exceed fifty per centum of the compensation for such government transportation as shall at that time be charged to and paid by private parties to any such company for like and similar transportation" and that such amounts must "be accepted as in full for all demands for such service." That the party rates, being open to private parties, were open to the Government with a deduction of 50% under this express provision of the statute, does not admit of doubt.

Nor is there any merit in the contention that the Government may avail itself of the rate only by paying cash in advance. Appellant issued the tickets and sent in its bills therefor without asking for cash payments. It thereby waived the requirement, if any existed, for payment in cash. Moreover, as the court below pointed out, the Government from the very nature of things cannot be required to deal for transportation on a cash basis. It is not to be supposed that station agents generally are familiar with the land-grant legislation or the limits of the various land-grant lines so as to be able readily to make the necessary computations. But, in any event, the well settled practice of the Government is to issue requisitions for transportation, and to require the rendition of bills therefor to be examined and audited by its

accounting officers. This method was recognized and accepted by appellant in the present case. See *Louisville & Nashville R. R. Co.* v. *United States*, 58 C. Cls. 622, 631.

*Judgment affirmed.*